MEMORANDUM **
Sunpreet Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals’ (“BIA”) order dismissing his appeal from an immigration judge’s (“IJ”) decision denying his application for asylum. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, Lata v. INS, 204 F.3d 1241, 1244 (9th Cir.2000), and we reverse only if the evidence compels a contrary conclusion, INS v. Elias-Zacarias, 502 U.S. 478, 481 n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). We deny the petition for review.
Substantial evidence supports the BIA’s determination that, even assuming Singh’s testimony was credible and he established the presumption of a well-founded fear of future persecution, the presumption is rebutted based on changed country 'conditions. See 8 C.F.R. § 1208.13(b)(1)(i)(A); see also Gonzalez-Hernandez v. Ashcroft, 336 F.3d 995, 997-98 (9th Cir.2003). Substantial evidence also supports the BIA’s determination that Singh could reasonably *545 relocate to another area of India, particularly given that prior to his arrival in the United States, he relocated from Punjab to New Delhi and lived there for several months without incident. See 8 C.F.R. § 1208.13(b)(1)(i)(B); see also Melkonian v. Ashcroft, 320 F.3d 1061, 1069 (9th Cir.2003) (applicant who has demonstrated well-founded fear of persecution may be denied asylum “where the evidence establishes that internal relocation is a reasonable option under all of the circumstances”). Finally, to the extent Singh argues that the BIA did not consider some or all of the evidence in the record, he fails to overcome the presumption that the BIA did review the record. See Fernandez v. Gonzales, 439 F.3d 592, 603 (9th Cir.2006). Accordingly, Singh’s asylum application fails.
PETITION FOR REVIEW DENIED.

 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36-3.